```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
```

```
                                                             USDS SDNY
                                                             DOCUMENT
                                                             ELECTRONICALLY FILED
                                                             DOC #:
                                                             DATE FILED: 8/9/17
```

JOSE LUIS PELAEZ, INC. AND JOSE PELAEZ,

            Plaintiffs,

  v.

McGRAW-HILL GLOBAL EDUCATION
HOLDINGS LLC AND McGRAW-HILL SCHOOL
EDUCATION HOLDINGS LLC,

            Defendants.
-----------------------------------------------------------X

16-CV-5393 (KMW)
**OPINION AND ORDER**

KIMBA M. WOOD, District Judge:

Plaintiffs Jose Luiz Peleaz, Inc. and Jose Peleaz bring this copyright infringement suit against Defendants McGraw-Hill Global Education Holdings, LLC and McGraw-Hill School Education Holdings, LLC (Collectively "MHE"). Plaintiffs filed their first complaint on July 6, 2016. (Compl. [Doc. No. 1]). After some discovery, Plaintiffs filed a Second Amended Complaint ("SAC"), containing numerous new allegations of copyright infringement. (Second Amended Compl. [Doc. No. 38]). Defendants MHE have filed a motion to dismiss the Complaint in part for failure to comply with the pleading requirements of Federal Rules of Civil Procedure 8(a) and 12(b)(6). (Mot. to Dismiss [Doc. No. 17]). For the reasons set forth below, the Court DENIES Defendants' motion to dismiss.

I.     BACKGROUND

The following facts are taken from Plaintiff's Second Amended Complaint and are assumed to be true for the purpose of Defendants' Motion to Dismiss. *See Tellabs, Inc. v. Makor*

1

*Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) ("When considering a motion to dismiss . . . for failure to state a cause of action, a court must accept as true all material factual allegations in the complaint").

Jose Peleaz is a professional photographer and the sole owner of Jose Luiz Peleaz, Inc. (SAC ¶ 2). MHE is a publisher and distributor of educational textbooks. *Id.* ¶ 3. From 1992 to the present, MHE, through stock photography agencies Corbis Corporation ("Corbis") and its predecessor The Stock Market ("TSM"), was issued limited licenses to use photographs taken by Plaintiffs in various educational publications. *Id.* ¶ 8. The Complaint alleges that the licenses TSM and Corbis granted to MHE were expressly limited by "number of copies, distribution area, image size, language, duration and/or media (print or electronic)." *Id.* ¶ 13. The Complaint further alleges that Defendants repeatedly infringed on Plaintiffs' copyrights by (1) printing or distributing more copies of the Photographs than authorized; (2) distributing publications containing the Photographs outside the authorized distribution area; (3) publishing the Photographs in electronic, ancillary, or derivative publications without permission; (4) publishing the Photographs in international editions and foreign publications without permission; and (5) publishing the Photographs beyond the specified time limits, in violation of 17 U.S.C. §§ 501 et seq. *Id.* ¶ 15.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the supporting factual allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

2

*Iqbal*, 556 U.S. 662, 678 (2009). Where a plaintiff has failed to "nudge" a claim "across the line from conceivable to plausible," a district court must dismiss the complaint. *Twombly*, 550 U.S. at 570.

The complaint must give "fair notice of the claim asserted" to allow the defendant "to answer and prepare for trial." *Simmons v. Abruzzo,* 49 F.3d 83, 86 (2d Cir.1995) (citing 2A *Moore's Federal Practice* ¶ 8.13, at 8–58 (2d ed.1994); *see Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988). In cases involving copyright infringement, courts in this Circuit interpret "fair notice" as requiring the plaintiff to allege: 1) which specific original works are the subject of the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the copyrights have been registered in accordance with the statute, and 4) by what acts during what time the defendant infringed the copyright. *Kelly v. L.L. Cool J.,* 145 F.R.D. 32, 36 (S.D.N.Y. 1992) (Conner, J.) *aff'd sub nom. Kelly v. L.L. Cool J,* 23 F.3d 398 (2d Cir. 1994). Thus, "a plaintiff ... may not rest on bare-bones allegations that infringement occurred." *Sharp v. Patterson,* 2004 WL 2480426, *12 (S.D.N.Y.2004) (Lynch, J.). Instead, Rule 8(a) requires that the alleged infringing acts be stated with some specificity. *Kelly,* 145 F.R.D. at 26 n.3.

### III.     DISCUSSION

Defendants argue that some aspects of Plaintiffs' Second Amended Complaint fail to meet the pleading standard for copyright infringement claims articulated in *Kelly*. Specifically, MHE contends that the claims arising from the allegedly infringed photographs contained in Exhibit 2 of Plaintiff's Second Amended Complaint fail to adequately plead the copyright registration status for those photographs, as is required by *Kelly*. (Mem. in Supp, 2 [Doc. No 44]). MHE also moves to dismiss all claims arising from the allegedly infringed photographs contained in Exhibits 3 and 4 of

3

Plaintiffs' Second Amended Complaint, on the ground that those exhibits do not contain any "particularized identification" of the photographs that have been infringed, as is also required by *Kelly*. *Id.* at 3-4.

Exhibit 2 to Plaintiffs' Second Amended Complaint is an excerpt of a report resulting from an internal search of MHE's 1Step database, performed by Defendants in order to locate all uses of Plaintiffs' photographs in MHE publications. (Mem in Opp'n, 2 [Doc. No. 46]). The report was furnished to Plaintiffs during discovery. *Id.* Exhibit 3 is an excerpt of another report created as a result of a search of CREATE, a different MHE internal database, that identifies other MHE uses of Plaintiffs' photographs. *Id.* at 3-4. This report was also furnished to Plaintiffs in discovery. *Id.* Plaintiffs removed from Exhibits 2 and 3 any reference to photographs already included in their original claim sheet, which they have attached to their Second Amended Complaint as Exhibit 1. Exhibits 2 and 3 thus reflect the portions of the newly produced MHE reports for which "Plaintiffs have a good faith belief reflect uses of their photographs not otherwise included in the Complaint." (Decl. of Amanda Bruss, 2 [Doc. No. 47]). Plaintiffs' Exhibit 4 contains photocopied excerpts of various textbook publications that Plaintiffs allege contain infringed photographs. (Mem in Opp'n, 7).

As discussed below, the Court rejects MHE's contentions.

Copyright Registration

Plaintiffs adequately plead copyright registration with respect to the images referenced in Exhibit 2, as well as the images referenced in the remaining exhibits attached to the Second Amended Complaint.

In its second Amended Complaint, Plaintiffs clearly state that they "own the copyrights to the photographic images depicted in Exhibits 1-4 hereto," and that all of the photographs "have been registered with the United States Copyright Office." (SAC ¶ 6-7). Plaintiffs need not allege copyright

4

registration with any more precision in order to satisfy pleading standards. *See Palmer Kane LLC v. Scholastic Corp.,* 2013 WL 709276, at *3 (S.D.N.Y. Feb. 27, 2013) (Greisa, J.) ("Contrary to defendants' contentions, the complaint is not required to attach copies of registration certifications or provide registration numbers for all the copyrights at issue in order to survive a motion to dismiss"). *See also Bill Diodato Photography LLC v. Avon Products Inc.,* 2012 WL 3240428 at *8 (S.D.N.Y. Sept. 21 2012) (Sweet, J.); *Richard Feiner & Co., Inc. v. Larry Harmon Pictures Corp.,* 38 F.Supp.2d 276, 279 n.2 (S.D.N.Y.1999) (Owen, J.).

Photograph Identification

With respect to Plaintiffs' Exhibit 3, Defendants contend that the exhibit "contains only a listing of MHE's CREATE products, without any corresponding listing of either the photo at issue in that product or the copyright registration status of that photo." (Mem. in Supp, 9).

This claim is without merit. The information contained within the Exhibit sufficiently puts MHE on notice of which photographs Plaintiffs claim were infringed. Exhibit 3 identifies each photograph at issue by publication and page number. As Plaintiffs note in their Opposition to Defendants' motion to dismiss, "[d]efendants need merely turn to the pages listed on Exhibit 3 for each infringing publication to see the infringed works." (Mem. in Opp'n, 5). Furthermore, Exhibit 3 is an excerpt of a report created by the Defendants themselves in order to locate Plaintiffs' photographs throughout various MHE products. This fact counsels in favor of a finding that Defendants are more than able to identify Plaintiffs' photographs when prompted to do so using an organizational chart of their own making.

Plaintiffs' Exhibit 4, while certainly less synthesized than Exhibit 3, also meets basic pleading requirements. Exhibit 4 provides photocopies of certain allegedly infringed images as they appear in

various MHE publications. Defendants argue that some, but not all, of the photographs contained within Exhibit 4 were previously identified in Exhibits 1 through 3. (Mem. in Supp, 4). The Court agrees, and notes that Plaintiffs allege some new claims of copyright infringement in Exhibit 4.

However, Exhibit 4 essentially provides the same information contained within Plaintiffs' Exhibit 3, albeit not in chart form. Exhibit 4 clearly identifies the MHE publications at issue, and points MHE's attention to the relevant pages within those publications; Plaintiffs include only those pages at issue in each textbook, rather than the entire work. If there were confusion on the part of the Defendants as to which images on each page are the subject of Plaintiffs' claims, Plaintiffs cure this defect by highlighting relevant portions of attached photograph credit pages contained within each of MHE's textbooks. The credit pages adequately identify the photographs for which Plaintiffs claim copyright infringement by clearly stating the relevant page and image number that correspond to each of Plaintiffs' photographs contained within each MHE textbook.

Defendants cite *Palmer Kane LLC v. Scholastic Corp.*, 2013 WL 709276 (S.D.N.Y. Feb. 27, 2013), to support their contention that Plaintiffs' failure to more specifically identify some of the photographs within Exhibits 3 and 4 warrants 12(b)(6) and 8(a) dismissal. However, the pleading imperfections at issue here differ from those in *Palmer Kane*. In *Palmer Kane,* Judge Greisa dismissed a portion of Plaintiffs' complaint because Plaintiffs alleged that defendants' infringements extended beyond those that were enumerated in their pleadings, without providing *any* information through which defendants could identify those alleged "extra" infringements. *Id.* Plaintiffs do not make the same mistake here. Plaintiffs certainly could have crafted their Second Amended Complaint with more precision; they could have included a stock image ID number for every photograph at issue, rather than relying only on publication title and page number in order to locate some of the photographs. In addition, Plaintiffs' Exhibit 4 could have isolated the allegedly infringed photographs, rather than

6

having included entire pages of textbooks on which the photographs at issue are printed alongside irrelevant images. However, these pleading deficiencies do not amount to nebulous and unverifiable additional allegations of infringement; Plaintiffs' Second Amended Complaint and the attached exhibits provide Defendants with sufficient notice and information to identify the admittedly numerous images at issue in this case.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is DENIED. This Opinion and Order resolves Docket Entry 43.

SO ORDERED.

DATED:  New York, New York
        August 8, 2017

_____
KIMBA M. WOOD
United States District Judge