UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSE LUIS PELAEZ, INC. and JOSE PELAEZ,

                Plaintiffs,

      v.

MCGRAW-HILL GLOBAL EDUCATION
HOLDINGS LLC and MCGRAW-HILL
SCHOOL EDUCATION HOLDINGS LLC,

                Defendants.
------------------------------------------------------------X

16-CV-5393 (KMW)
**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

Plaintiffs Jose Luis Pelaez, Inc., and Jose Pelaez bring this copyright infringement lawsuit against Defendants McGraw-Hill Global Education Holdings LLC and McGraw-Hill School Education Holdings LLC. Plaintiffs allege that Defendants infringed Plaintiffs' copyrights in certain photographs (the "Photographs"). Defendants deny this. Before the Court is Plaintiffs' Motion for Leave to File a Third Amended Complaint ("TAC").

The Court GRANTS Plaintiffs' Motion for Leave to File a TAC because (i) dismissal of certain claims in the SAC is warranted because (a) dismissal of the Missing-Invoice Claims without prejudice does not subject Defendants to plain legal prejudice and satisfies the *Zagano* factors, and (b) dismissal with prejudice of claims other than the Missing-Invoice Claims that were withdrawn from the SAC is unopposed; and (ii) Plaintiffs are permitted to add updated copyright registration information to the TAC, because the Court finds no evidence of undue delay, undue prejudice, bad faith, or futility.

I.     BACKGROUND

    A.     Facts

Jose Pelaez is a professional photographer and the president and sole owner of Jose Luis

Pelaez, Inc. (Second Am. Compl., ECF No. 38, ¶ 2.) Defendants publish and distribute textbooks. (*See id.* ¶¶ 3, 9.) Plaintiffs entered into agreements with, *inter alia*, stock photography agency Corbis Corporation ("Corbis"), authorizing Corbis to grant limited licenses for use of the Photographs to third parties, including Defendants. (*Id.* ¶ 8.) These agreements authorized Corbis to register the Photographs with the Copyright Office, which Corbis did. (*See* Pelaez Decl., ECF No. 106-2 ¶ 3.)

Plaintiffs filed this copyright infringement lawsuit on July 6, 2016. Plaintiffs allege that Defendants exceeded their license by "printing or distributing more copies of the Photographs than authorized," distributing the Photographs in unauthorized areas, and publishing the Photographs at unauthorized times in unauthorized media. (Second Am. Compl., ECF No. 38, ¶ 15.)

On January 12, 2017, Mr. Pelaez was deposed in connection with this case. (*See* Pelaez Decl., ECF No. 106-2 ¶ 5.) During his deposition, Mr. Pelaez learned from defense counsel that the registration certificates for some of the Photographs were inaccurate. (*See id.*) On February 3, 2017, Plaintiffs began the process of obtaining new registrations for some of the Photographs. (*Id.*)

### B. Procedural History

On February 24, 2017, Defendants filed an Answer to Plaintiffs' Second Amended Complaint ("SAC") and a Motion to Dismiss in part. (ECF Nos. 45, 43.) On June 23, 2017, while Defendants' Motion to Dismiss was still pending, the Parties each moved for partial summary judgment. (ECF Nos. 57, 64.) On August 4, 2017, while all three motions were pending, Plaintiffs requested a pre-motion conference for permission to file a Motion to File a Third Amended Complaint. (ECF No. 95.) On August 9, 2017, the Court denied Defendants' Motion to Dismiss. (ECF No. 99.) That same day, Defendants filed a letter opposing

Plaintiffs' request for a pre-motion conference on the Motion to File a TAC. (ECF No. 100.) On January 12, 2018, the Court waived the requirement for a pre-motion conference for Plaintiffs' Motion to File a TAC. (ECF No. 102.) Plaintiffs now move for leave to file a TAC. (ECF No. 106.)

## II. DISCUSSION

Plaintiffs move to file a TAC that differs materially from the SAC in two respects. First, the TAC would not include three categories of claims that are present in the SAC:

> (1) claims with respect to photographs for which neither [Defendants] nor Corbis produced invoices, which precluded Plaintiffs from identifying corresponding infringing publications (the "Missing-Invoice Claims");
>
> (2) claims with respect to photographs for which Plaintiffs found no evidence of unauthorized use; and
>
> (3) claims with respect to (i) photographs that were not used in identified publications, or (ii) publishers that are not affiliated with Defendants.

(*See* Pls.' Mot., ECF No. 106, at 1; Pl.'s Ltr., ECF No. 104, at 1.) Second, the TAC would add copyright registration information for some of the Photographs. These registrations were sought and obtained following Mr. Pelaez's deposition. Defendants oppose the amendment.

For the reasons stated below, the Court GRANTS in full Plaintiffs' motion for leave to file their proposed TAC.

### A. WITHDRAWN CLAIMS

#### 1. CLAIMS WITHDRAWN WITHOUT PREJUDICE

##### a) LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), plaintiffs may amend their complaint at this stage of the litigation "only with the opposing party's written consent or the court's leave," and the "court should freely give leave where justice so requires." Rule 15 applies, *inter alia*, to motions to withdraw some, but not all, claims.

Plaintiffs propose to withdraw with prejudice (1) claims for which Plaintiffs found no evidence of unauthorized use, and (2) claims with respect to (i) photographs that were not used in identified publications, or (ii) publishers that are not affiliated with Defendants. (*See* Pls.' Mot., ECF No. 106, at 1; Pl.'s Ltr., ECF No. 104, at 1.) Plaintiffs seek to withdraw *without prejudice* the "Missing Invoice Claims." (Pls.' Mot., ECF No. 106, at 1)

The Court has "considerable discretion in deciding whether to allow a withdrawal of a claim without prejudice." *See Wakefield v. N. Telecom, Inc.*, 769 F.2d 109, 114 (2d Cir. 1985). Courts in this Circuit use two different tests to determine whether a motion to withdraw should be granted with or without prejudice. *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006).

Under the first test, courts permit withdrawal of claims without prejudice unless "the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Id.* (quoting *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)) (internal quotation marks omitted). "Legal prejudice would occur, for example, if dismissal of the plaintiff's case also impairs the ability of a defendant to pursue a counterclaim in the same action that plaintiff seeks to dismiss." *Brown v. Nat'l R.R. Passenger Corp.*, 293 F.R.D. 128, 131 (E.D.N.Y. 2013) (citation omitted). As the non-movants, Defendants bear the burden "of demonstrating that substantial prejudice would result were the proposed amendment to be granted." *Oneida Indian Nation of New York State v. Cty. of Oneida*, 199 F.R.D. 61, 77 (N.D.N.Y. 2000) (internal quotation marks and citations omitted).

Under the second test, courts weigh five factors ("the *Zagano* factors") to decide whether withdrawal without prejudice is appropriate:

(1) the plaintiff's diligence in bringing the motion,

(2) any "undue vexatiousness" on the plaintiff's part,

(3) the extent to which the suit has progressed, including the defendant's

4

effort and expense in preparation for trial,

(4) the duplicative expense of relitigation, and

(5) the adequacy of the plaintiff's explanation for the need to dismiss.

*Bosco v. United States*, No. 14-CV-3525 (JFK), 2016 WL 5376205, at *14 n.5 (S.D.N.Y. Sept. 26, 2016) (Keenan, J.) (quoting *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990)) (internal quotation marks omitted). "[N]o one factor is dispositive . . . but [t]he focus of the analysis on a motion for voluntary dismissal is prejudice to the defendant." *George v. Prof'l Disbosables Int'l*, 15-CV-3385 (RA), 2017 WL 1740395, at *2 (S.D.N.Y. May 2, 2017) (Abrams, J.) (alterations in original; citations and internal quotation marks omitted).

### b) APPLICATION

For the reasons discussed below, Plaintiffs' motion to withdraw the Missing-Invoice Claims without prejudice satisfies both the lack of "plain legal prejudice" test and the *Zagano* factors.

#### (1) Plain Legal Prejudice

Defendants argue that Plaintiffs' amendment will cause Defendants legal prejudice by leaving them "at the hands of Plaintiffs' fishing expeditions for baseless claims in the future." (Opp'n, ECF No. 109, at 13.) But "the prospect of starting an entirely new litigation, along with the attendant additional expense, does not translate to legal prejudice sufficient to deny a motion to voluntarily withdraw." *Brown*, 293 F.R.D. at 131; *see also D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 283 (2d Cir. 1996) (explaining that "starting a litigation all over again does not constitute legal prejudice") (citing *Jones v. Securities & Exchange Commission*, 298 U.S. 1, 19 (1936)); *Alaska Stock, LLC v. Pearson Educ., Inc.*, No. 3:11-CV-00162 (TMB), 2013 WL 12098751, at *1–2 (D. Alaska Aug. 15, 2013) (granting voluntary dismissal without prejudice where copyright plaintiff failed to find evidence of infringement during discovery, because

5

defendant would not suffer plain legal prejudice). And, given Mr. Pelaez's representation that he would bring the Missing-Invoice Claims again only after obtaining new evidence, (Pl.'s Reply, ECF No. 110, at 8), Defendants would suffer no prejudice from a dismissal without prejudice of the Missing Invoice Claims. The Court concludes that permitting Plaintiffs' amendment will not cause Defendants plain legal prejudice.

### (2) The *Zagano* Factors

The *Zagano* factors also weigh in favor of dismissal without prejudice. First, Plaintiffs were diligent in bringing this motion. Plaintiffs received document productions from Defendants on a rolling basis until May 5, 2017. (Bruss Decl., ECF No. 106-1 ¶ 3.) By August 4, 2017, Plaintiffs had completed their analysis of the discovery and sought the Court's leave to amend. The Court finds that Plaintiffs were diligent in seeking amendment once they determined that the Missing-Invoice Claims were unsupported by the evidence obtained through discovery; this factor thus weighs in favor of granting dismissal without prejudice. *See Ascentive, LLC v. Opinion Corp.*, No. 10-CV-4433 (ILG) (SMG), 2012 WL 1569573, at *2 (E.D.N.Y. May 3, 2012) (holding that plaintiff was diligent because "plaintiff moved to dismiss the complaint without prejudice within a reasonable period of time after the occurrence of the event that led to the plaintiff's decision not to pursue the action"); *see also Shaw Family Archives, Ltd. v. CMG Worldwide, Inc.*, No. 05-CV-3939 (CM), 2008 WL 4127549, at *5-6 (S.D.N.Y. Sept. 2, 2008) (McMahon, J.) (weighing first factor in favor of dismissal without prejudice where plaintiff's "motion to dismiss was made shortly after a series of events that have made pursuit of the litigation far more difficult and inefficient").

Second, there is no evidence that Plaintiffs were unduly vexatious in bringing this motion. "Undue vexatiousness requires a finding of ill motive." *Banco Cent. De Paraguay v. Paraguay Humanitarian Found., Inc.*, No. 01-CV-9649 (JFK), 2006 WL 3456521, at *5 (S.D.N.Y. Nov.

30, 2006) (Keenan, J.) (citation and internal quotation marks omitted). "Courts find ill-motive where, for example, the plaintiff 'never had any intention of providing discovery in th[e] case but nonetheless permitted the case to proceed[,]' . . . where the plaintiff filed duplicative actions relating to the same injury, . . . or where the plaintiff assured the court it would proceed with its claims but then 'go[es] back on their word' and seeks dismissal." *Id.* (first and last alterations in original; citations omitted). No ill motive has been alleged here. Accordingly, this factor weighs in Plaintiffs' favor.

The third factor, the extent to which the suit has progressed, is neutral. On the one hand, Courts in this Circuit often reject motions for dismissal without prejudice when they are made, as here, after summary judgment motions have been filed. *See, e.g., Big Vision Private Ltd. v. E.I. DuPont De Nemours & Co.*, 1 F. Supp. 3d 224, 248 n.29 (S.D.N.Y. 2014) (Failla, J.) (holding that voluntary dismissal after summary judgment motion had been filed would be "procedurally improper"), *aff'd sub nom. Big Vision Private Ltd. v. E.I. du Pont de Nemours & Co.*, 610 F. App'x 69 (2d Cir. 2015) (summary order); *Galasso v. Eisman, Zucker, Klein & Ruttenberg*, 310 F. Supp. 2d 569, 572–73 (S.D.N.Y. 2004) (McMahon, J.) (denying motion for voluntary dismissal without prejudice after summary judgment motion had been filed). On the other hand, motions for dismissal without prejudice "have been granted on the eve of trial and even after trial has commenced." *Louis v. Bache Grp.*, 92 F.R.D. 459, 461 (S.D.N.Y. 1981) (Weinfeld, J.). Here, although the case has been pending for almost twenty months, and summary judgment motions are fully briefed, Defendants produced documents to Plaintiffs on a rolling basis and promised, as recently as May 4, 2017, to "continue to search for and collect responsive documents." (Bruss Decl., ECF No. 106-1 ¶ 3.) These rolling productions prevented Plaintiffs from conclusively determining which claims were not supported by the evidence obtained through discovery. (Pl.'s Mot., ECF No. 106, at 8.) This factor is thus neutral.

7

Fourth, Defendants have failed to establish that they will suffer any "duplicative expense of the litigation." Defendants argue that they have expended "hundreds of hours researching and analyzing Plaintiffs' claims and collecting tens of thousands of documents." (Opp'n, ECF No. 109, at 10-11). But Defendants make no attempt to specify the costs associated with defending the Missing-Invoice Claims, which are the only claims for which Plaintiffs seek dismissal without prejudice. (*See* Pl.'s Mot., ECF No. 106, at 1.) Because Defendants have made no showing of duplicative expense regarding the claims Plaintiffs seek to dismiss without prejudice, this factor weighs in Plaintiffs' favor.

Finally, Plaintiffs' explanation for seeking dismissal without prejudice is adequate. The Missing-Invoice Claims required evidence uniquely in the control of the Defendants and non-party Corbis. In discovery, Defendants and Corbis were unable to find invoices that Plaintiffs believe may exist. Plaintiffs seek dismissal of these claims without prejudice, to allow Plaintiffs to pursue these claims if the missing invoices surface. (Pl.'s Mot., ECF No. 106, at 1.) Plaintiffs' explanation is adequate. *See United States v. Any & All Funds on deposit at JPMorgan Chase Account Number 31442003*, No. 12-CV-7530 (GBD), 2013 WL 5511348, at *1, *4 (S.D.N.Y. Oct. 2, 2013) (Daniels, J.) (in civil forfeiture action, Government's inability to obtain "critical evidence" at the time was an adequate explanation for dismissal without prejudice). Accordingly, this factor also weighs in favor of dismissal without prejudice.

In sum, the first, second, fourth, and fifth *Zagano* factors weigh in favor of dismissal without prejudice, and the third factor is neutral. The Court therefore will permit dismissal of the Missing-Invoice Claims without prejudice because it satisfies both the lack of "plain legal prejudice" test and the *Zagano* factors.

2. <u>CLAIMS WITHDRAWN WITH PREJUDICE</u>

Plaintiffs propose dismissal *with prejudice* of the other two categories of claims—(1)

8

claims for which Plaintiffs found no evidence of unauthorized use, and (2) claims with respect to (i) photographs that were not used in identified publications, or (ii) publishers that are not affiliated with Defendants. (*See* Pls.' Mot., ECF No. 106, at 1; Pl.'s Ltr., ECF No. 104, at 1.) Because Defendants do not object, the Court dismisses these other withdrawn claims with prejudice.

## B. UPDATED COPYRIGHT REGISTRATION INFORMATION

### 1. LEGAL STANDARD

"[U]nless there is a good reason to deny a motion to amend, failure to grant it is an abuse of discretion." *Walton v. Waldron*, 886 F. Supp. 981, 984 (N.D.N.Y. 1995). "Leave to file an amended complaint shall be freely given when justice so requires, and should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (internal quotation marks and citations omitted).

Courts in this Circuit permit plaintiffs to amend complaints with updated copyright registration information. *See, e.g.*, *Gattoni v. Tibi, LLC*, 254 F. Supp. 3d 659, 665 (S.D.N.Y. 2017) (Sweet, J.) (granting plaintiff leave to amend complaint with valid copyright registration); *Laine v. Pride*, No. 09-CV-3057 (HB), 2010 WL 199927, at *4 (S.D.N.Y. Jan. 19, 2010) (Baer, J.) (explaining that "where a plaintiff files an infringement suit prior to registration . . . district courts have discretion to allow a plaintiff to amend their complaint if they obtain registration after the suit's initiation."); *Adlife Mktg. & Commc'ns Co. v. Best Yet Mkt., Inc.*, No. 217-CV-2978 (ADS) (ARL), 2017 WL 4564763, at *5 (E.D.N.Y. Oct. 11, 2017) (permitting plaintiff to amend the complaint with subsequently-received registration information); *Membler.com LLC v. Barber*, No. 12-CV-4941 (JS) (GR), 2013 WL 5348546, at *5 (E.D.N.Y. Sept. 23, 2013)

(rejecting defendants' argument that plaintiff should be barred from amending the complaint with copyright registration that plaintiff "sought and obtained" after filing suit).

2. APPLICATION

This Court will permit Plaintiffs to amend their complaint to add the new registration information.

Defendants contend that Plaintiffs' motion to amend the SAC comes after undue delay because a complaint may not be amended "to account for proper registrations when such new registrations were obtained *after* filing suit." (Defs.' Opp'n, ECF No. 109, at 6 (emphasis in original).) The Court disagrees. *See, e.g., Herrick v. Grindr, LLC*, No. 17-CV-932 (VEC), 2018 WL 566457, at *13 (S.D.N.Y. Jan. 25, 2018) (Caproni, J.) (explaining that "proper course" was to dismiss complaint without prejudice so that, once Copyright Office acted upon pending applications, plaintiff could "amend and allege that the Copyright Office has either granted or denied his applications"); *Senisi v. John Wiley & Sons*, No. 13-CV-3314 (LTS) (AJP), 2016 WL 1045560, at *1, *4 (S.D.N.Y. Mar. 15, 2016) (Swain, J.) (permitting plaintiff to file amended complaint with new copyright registration information because, by obtaining copyright registrations after the court granted summary judgment, plaintiff "changed the factual landscape of this case"); *Small Bus. Bodyguard, Inc. v. House of Moxie, Inc.*, No. 14-CV-7170 (CM), 2014 WL 5585339, at *4 (S.D.N.Y. Oct. 30, 2014) (McMahon, J.) ("Should [plaintiff] eventually obtain the necessary copyright registration, it may file a new action or seek leave to amend in this one, so dismissal . . . is necessarily without prejudice.").

The decisions Defendants cite in support of this argument—*Zuma Press, Inc. v. Getty Images (US), Inc.*, No. 16-CV-6110 (AKH), 2017 WL 2829517 (S.D.N.Y. June 29, 2017) (Hellerstein, J.), and *Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*, No. 09-CV-2669 (LAP), 2012 WL 1021535 (S.D.N.Y. Mar. 26, 2012) (Preska, J.)—are inapposite.

In *Zuma*, Judge Hellerstein partially granted a defendant's motion to dismiss an amended complaint that included pending copyright registrations. 2017 WL 2829517, at *1, *4. In so ruling, Judge Hellerstein relied on the "overwhelming consensus in the Southern District of New York that . . . a pending application for copyright registration cannot sustain a claim for infringement prior to its approval or rejection by the Copyright Office." *Id.* at *4 (citation and internal quotation marks omitted). By contrast, here Plaintiffs seek to add to the Complaint copyright registrations that Plaintiffs have *obtained*, not ones that are merely pending. (*See* Pelaez Decl., ECF No. 106-2, ¶ 5.) Defendants' reliance on *Zuma* is thus misplaced.

Similarly, in *Muench*, Judge Preska granted defendants' motion to partially dismiss an amended complaint. 2012 WL 1021535, at *1. As in *Zuma*, the complaint dismissed in *Muench* included claims based on pending copyright registrations. *See id.* at *4-6. The complaint also included registrations for new images that were not the subject of the first complaint. *Id.* at *4. The *Muench* decision is plainly distinguishable from a case like this, where Plaintiffs seek to amend the SAC to include registrations that have been obtained for works already cited in the SAC.

Seeing no evidence of "undue delay, bad faith, undue prejudice to the non-movant, or futility," the Court GRANTS Plaintiffs' motion to amend the TAC with the updated registration information. *See Milanese*, 244 F.3d at 110.

### III. PENDING SUMMARY JUDGMENT MOTIONS

Because the Court grants Plaintiffs' motion to amend their Second Amended Complaint, the parties' motions for partial summary judgment are DENIED as moot. *See Travelers Cas. v. Dipizio Constr. Co.*, No. 14-CV-576 (FPG), 2016 WL 3476448, at *3 (W.D.N.Y. June 21, 2016) (explaining that "courts in this circuit routinely deny summary judgment motions as moot, or even vacate prior grants of summary judgment, when the motion was based on a complaint that

has been rendered legally inoperative," even in cases where "the amended complaint and the original complaint are the same or substantially similar").

## IV. CONCLUSION

For the reasons above, the Court GRANTS Plaintiffs' Motion for Leave to File a TAC because (i) dismissal of certain claims in the SAC is warranted because (a) dismissal of the Missing-Invoice Claims without prejudice does not subject Defendants to plain legal prejudice, and satisfies the *Zagano* factors, and (b) dismissal with prejudice of the claims other than the Missing-Invoice Claims that were withdrawn from the SAC is unopposed; and (ii) Plaintiffs are permitted to add updated copyright registration information to the TAC because the Court finds no evidence of undue delay, undue prejudice, bad faith, or futility.

Plaintiffs shall file the TAC by February 28, 2018. By March 7, 2018, the Parties are directed to submit a joint Scheduling Order that sets this case as Ready for Trial by May 14, 2018. (See the undersigned's Individual Rules for the meaning of "Ready for Trial.")

The Clerk of Court is directed to terminate the motions at ECF Nos. 57, 64, 97, and 106.

SO ORDERED.

Dated: New York, NY
February 26, 2018

_____
KIMBA M. WOOD
United States District Judge